**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

ALAN JACKSON, as father and next friend of A.J., a minor *

*

Plaintiff

*

v. * Civil Case No. 8:19-cv-02555-AAQ

*

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, *et al.* *

Defendants *

## MEMORANDUM OPINION

This is a case concerning injuries arising out of a traffic accident between a bus and a personal automobile. Pending before the Court is Defendant Washington Metropolitan Area Transit Authority's (WMATA) Motion for Sanctions against Defendant Temia Vailes. (ECF No. 68). The pending Motion was filed in response to Ms. Vailes' repeated failure to respond to interrogatories and appear for her deposition in this case. For the reasons discussed below, WMATA's Motion shall be GRANTED.

## BACKGROUND

Mr. Alan Jackson alleges that in September 2017 he and his son, A.J., were riding aboard a WMATA bus. ECF No. 30-1, at 2. While Plaintiff was riding the bus, a vehicle driven by Defendant Temia Vailes collided with it.

Plaintiff filed suit in Prince George's County Circuit Court on March 6, 2019. ECF No. 1-3. On April 3, 2021, Defendant WMATA served interrogatories and requests for production of documents upon Ms. Vailes. ECF No. 50-1. Plaintiff, and then later WMATA, served notices of deposition on Ms. Vailes. ECF No. 45-1, ECF No. 50-2.

As Ms. Vailes concedes, she was originally scheduled to be deposed on June 24, 2021. ECF No. 49, at 2. The deposition was ultimately rescheduled to July 14, 2021, as Ms. Vailes had a conflicting job interview and counsel for WMATA had a scheduling conflict, as well. *Id.* However, Ms. Vailes did not appear for deposition on July 14, 2021. *Id.* WMATA subsequently noticed Ms. Vailes' deposition for July 30, 2021. ECF No. 45, at 2. The parties disagree as to whether Ms. Vailes had indicated that she was available on that day. ECF No. 49, at 2. WMATA then noticed the deposition of Ms. Vailes for September 9, 2021. ECF No. 50, at 1. Ms. Vailes again failed to appear. ECF No. 50-3, at 4. Counsel for Ms. Vailes stated on the record that her "office will continue with efforts to produce Ms. Vailes for a deposition prior to the close of discovery, which is currently set for October 13, 2021." *Id.* This did not occur. On September 22, 2021, WMATA moved to compel Ms. Vailes to appear for deposition and provide responses to discovery requests. ECF No. 50. On February 17, 2022, the Court entered an order requiring Ms. Vailes to appear for deposition within fourteen days. ECF No. 63. The deposition was scheduled for March 1, 2022. ECF No. 68-2. It is undisputed that Ms. Vailes failed to appear for a third time – this time, despite an Order of the Court requiring her appearance. ECF No. 69, at 1.

On March 7, 2022, WMATA moved for sanctions against Ms. Vailes based on her failure to provide answers to its interrogatories, failure to respond to its requests for the production of documents, and failure to appear for deposition on multiple occasions. ECF No. 68, at 2. On March 16, 2022, Ms. Vailes' counsel filed an Opposition to the Motion for Sanctions, admitting that Ms. Vailes had yet to appear for deposition despite an order of the Court, but that she had been in contact with Ms. Vailes and that Ms. Vailes was prepared to appear for deposition, provide written responses to discovery requests, and participate in the case fully. ECF No. 69, at 1-2; *see also id.*, at 2 ("Given that there is no currently scheduled trial date in the matter, the interests of

justice and fairness require an opportunity for defendant Vailes to cure the alleged discovery failures to date by appearing for deposition on a date and at a time mutually agreeable to all counsel and to produce written discovery responses to WMATA in advance of her deposition.").

While WMATA was struggling to get Ms. Vailes to respond to its discovery requests, Plaintiff was experiencing similar problems. On April 22, 2021, Plaintiff served on Ms. Vailes its First Set of Interrogatories and Requests for Production of Documents. ECF No. 38. Having received no response, on June 14, 2021, Plaintiff moved to compel responses to the aforementioned requests. *Id*. On August 10, 2021, this Court granted Plaintiff's Motion to Compel, ordering Ms. Vailes to "provide the required discovery within 7 days." ECF No. 48. When Ms. Vailes answered the interrogatories, she made several admissions directly relevant to the claims against her. In response to Interrogatory No. 8, she admitted that she was, with the owner's permission, operating the vehicle which collided with the WMATA bus. ECF No. 51-1, at 24-25. In response to Interrogatory No. 14, Ms. Vailes admitted that she made a right turn in front of the bus which was stopped at the curb to service a bus stop. *Id*. at 27. Based on these responses and Ms. Vailes' repeated failure to appear for her deposition, Plaintiff moved for summary judgment against Ms. Vailes. ECF Nos. 51 and 52. On February 17, 2022, the Court, relying on Ms. Vailes' interrogatory responses, granted partial summary judgment in Plaintiff's favor, cautioning that Plaintiff would still need to prove damages at trial. ECF No. 64.

On April 29, 2022, this case was transferred to my chambers for all further proceedings. On August 18, 2022, I held a status conference in the case to see if Ms. Vailes had, in fact, appeared for deposition and provide written discovery responses, as indicated in her Opposition to WMATA's Motion for Sanctions. ECF No. 73. During the conference, counsel for Ms. Vailes stated that Ms. Vailes had not yet appeared for deposition and that she was unsure when, if ever,

Ms. Vailes would do so. Out of an abundance of caution, I granted one final opportunity for Ms. Vailes to appear for deposition and provide responses to WMATA's written discovery requests. *Id.* I also ordered the parties to provide a joint status report regarding such in fourteen days. *Id.* At that time, WMATA filed the requested status report indicating that although Ms. Vailes had provided responses to the requests for production, no response had been provided to the interrogatories and Ms. Vailes had not appeared for deposition. ECF No. 76, at 2. Accordingly, WMATA asked the Court to grant its pending Motion for Sanctions. *Id.* Despite the Court's order, Ms. Vailes, nor her counsel, have provided any further update to the Court.

**STANDARD OF REVIEW**

Fed. R. Civ. P. 37 grants district courts wide discretion to impose sanctions for a party's failure to comply with its discovery orders, including entry of default judgment. *See, e.g., Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.,* 872 F.2d 88, 92 (4th Cir.1989). Similarly, district courts have the "inherent power" to sanction a party, including entry of default or dismissal of an action, when a party abuses the judicial process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process. *Projects Mgmt. Co. v. Dyncorp Int'l, LLC,* 734 F.3d 366, 373–74 (4th Cir. 2013) (citing *U.S. v. Shaffer Equipment Co.,* 11 F.3d 450, 465 (4th Cir.1993)).

**ANALYSIS**

As a result of Ms. Vailes' repeated failure to provide responses to WMATA's interrogatories and appear for deposition, WMATA asks the Court for three sanctions: 1) "enter an order prohibiting . . . Vailes from introducing evidence in opposition to WMATA's cross claim pursuant to Federal Rule 37(b)(2)(A)(ii)"; 2) "enter an order striking . . . Vailes' answer to WMATA's cross claim pursuant to Federal Rule 37(b)(2)(A)(iii)"; and 3) "enter a default

judgment against . . . Vailes on WMATA's cross claim pursuant to Federal Rule 37(b)(2)(A)(vi)." ECF No. 68, at 2.

Courts in the Fourth Circuit must consider four factors in determining what sanctions to impose for a party's discovery misconduct: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice noncompliance caused the adversary; (3) the need to deter that particular type of non-compliance; and (4) whether less severe sanctions would be sufficient. *Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003) (quoting *Anderson v. Found. For Advancement, Educ. & Employment of Am. Indians,* 155 F.3d 500, 504 (4th Cir.1998)).

The record, in this case, is clear regarding the first and third factors. On at least three separate occasions, Ms. Vailes has committed to appear for her deposition, but failed to do so. As noted above, one of these was in specific response to an Order from the Court. Almost six months ago, in response to the Motion for Sanctions, counsel for Ms. Vailes represented to the Court that Ms. Vailes was ready to appear for deposition and would participate fully in the litigation of the case. Nonetheless, on August 18, 2022, counsel for Ms. Vailes represented that she was unsure when or if Ms. Vailes would actually appear for deposition and that since March, Ms. Vailes had not responded to WMATA's requests for production or interrogatories. While the Court recognizes the tremendous burdens that have been placed on all individuals by the COVID-19 pandemic, Ms. Vailes' repeated failure to appear for deposition for more than year, after representing that she was ready and willing to do so, cannot be defended. Her failure to respond to interrogatories is similarly troubling for the same reasons.

The record is likewise clear regarding the prejudice to the parties. By December 2021, the parties had completed all other discovery in the case. ECF No. 61. The only discovery outstanding

concerns Ms. Vailes. The parties have been prejudiced by a delay of approximately ten months due to Ms. Vailes' failure to appear for deposition and respond to WMATA's interrogatories. It is not clear when or if the delay and resulting prejudice would end, given the most recent representations from Ms. Vailes' counsel.

Accordingly, the only remaining question is whether sanctions less drastic than those WMATA has proposed would be sufficient. It is clear, given the prejudice to the parties and Ms. Vailes repeated failure to provide discovery, that Ms. Vailes should be prohibited from entering any evidence, other than that she has already produced, in response to WMATA's cross claims.

As to WMATA's other requested sanctions, it is a closer question. When a sanction involves judgment by default, the district court's "range of discretion is more narrow" because the district court's desire to uphold the integrity of the judicial process is "confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mutual Fed. Sav.*, 872 F.2d at 92 (quoting *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir.1977)); *see also Projects Mgmt.*, 734 F.3d. at 373–74. Before exercising its inherent power to assess the "most extreme sanctions," i.e. dismissal without considering the merits or entry of judgment by default, a court must weigh the following factors:

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*Projects Mgmt.*, 734 F.3d at 373–74 (quoting *Shaffer Equipment*, 11 F.3d at 462–63).

The extremely high standard that a moving party must meet before prevailing on a motion asking for default judgment strongly cautions against granting the relief WMATA seeks.

However, the standard is the only barrier to the order requested. Each of the factors identified above cut against Ms. Vailes. As noted above, Ms. Vailes has on multiple occasions failed to appear for deposition, despite indicating to the parties and the Court that she would. Likewise, despite multiple orders of the Court and extensions from the Court to appear and participate in discovery, she has failed to do so. In response to a last opportunity from the Court, Ms. Vailes' counsel was not able to indicate, when, if ever, Ms. Vailes would appear for deposition or participate in the litigation of this case.

Finally, the Court has already granted Plaintiff summary judgment against Ms. Vailes regarding her liability for causing the accident at the center of the case. Accordingly, a judgment of default against Ms. Vailes largely mirrors what the Court has already found, based on her interrogatory responses, regarding her liability. The sanctions which WMATA asks for are only appropriate in the most extreme and rare cases. *Projects Mgmt.*, 734 F.3d at 373 ("such orders must be entered with the greatest caution."). Given Ms. Vailes' lack of defense to WMATA's Motion for Sanctions, her repeated failure to participate in this case, and the Court's prior grant of summary judgment to Plaintiff, I now grant WMATA's motion for default judgment.

## CONCLUSION

For the reasons stated above, Default Judgment shall be issued against Temia Vailes on WMATA's cross-claim against her. Given the Court's grant of Default Judgment against Ms. Vailes, WMATA's narrower requests for sanctions are moot.

So ordered.

Date: September 16, 2022

/s/
Ajmel A. Quereshi
United States Magistrate Judge